Lakhwir SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 02–73518.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 2004.*

Decided April 29, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Aviva Poczter, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

MEMORANDUM **

Lakhwir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

Where the BIA affirms the decision of the IJ without opinion, under 8 C.F.R. § 3.1(a)(7), we review the decision of the IJ. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003). We review due process claims, including claims of incompetent translation, de novo. *See Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000). We review an adverse credibility finding for substantial evidence; we must thus uphold the decision of the IJ unless the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000). "We give 'special deference' to a credibility determination that is based on demeanor." *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). We deny the petition.

Singh was not denied due process on account of inadequate translation during his August 13, 1998 hearing. The problems in translation were minor and limited in scope, and any confusion was cleared up quickly. Singh has not shown how a better translation would have made "a difference in the outcome of the hearing." *See Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994) (quoting *Acewicz v. U.S. INS,* 984 F.2d 1056, 1063 (9th Cir.1993)).

Substantial evidence supports the IJ's adverse credibility finding, because parts of Singh's testimony were inconsistent with his application, and his testimony was insufficiently direct and specific to be plausible. *See Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000) (alien's testimony must be "unrefuted and credible, direct and specific" to be sufficient absent corroboration). As the factual discrepancies involving the death of Singh's cousin and Singh's release from prison went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). *A fortiori,* Singh failed to satisfy the more demanding standard for withholding of removal or relief under the Convention Against Torture. *See Lata,* 204 F.3d at 1244.

Singh's argument that the BIA violated his due process rights by retroactively applying the new streamlining rules to dismiss his appeal without opinion, under 8 C.F.R. § 3.1(a)(7), is foreclosed by *Falcon Carriche,* 350 F.3d at 850 ("[S]treamlining does not violate an alien's due process rights.").

**PETITION FOR REVIEW DENIED.**